FILED
2012 Aug-27  PM 04:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **LATASHA SCALES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 1:12-CV-922-VEH** |
| | ) |
| **TALLADEGA COUNTY DEPT. OF** | ) |
| **HUMAN RESOURCES, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

---

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS
## AND REQUIRING REPLEADER

Before the court are the following motions: the Motion To Dismiss filed by Defendant City of Talladega (Doc. 9); the Motion To Dismiss filed by Defendant John McCoy (Doc. 11); the Motion To Dismiss filed by Defendant Citizens Baptist Medical Center (Doc. 16); the Motion To Dismiss filed by Defendants Jacob Argo, Steven D. Giddens, Christina Kilgore, and the Talladega County District Attorneys Office (Doc. 19); the Motion To Dismiss filed by Talladega County Department of Human Resources (Doc. 23); the Motion To Dismiss filed by Defendant Tony Hamlin (Doc. 61); the Motion To Dismiss filed by Defendant Andy Carden  (Doc. 63); and the Motion To Dismiss and/or in the Alternative, Motion for a More Definite

Statement filed by Jeanne Rasco (Doc. 74) (collectively, the "Motions To Dismiss").

The *pro se* Plaintiff has filed "notices" and responses[1] in objection to the Motions To

Dismiss, which are located at docket numbers 24, 25, 32, 33, 41, 84, 85, 86, 87, 88,

89 and 95.

Defendants Shelly Barnhart and the Talladega County Juvenile Court have also

filed Motions To Dismiss (Doc. 107, Doc. 101).[2]  Plaintiff has not yet responded to

these motions.  Defendant Dale Price has filed a motion styled as a Motion to Dismiss

for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim

(Doc. 106).  Because Defendant Price has already answered Plaintiff's complaint

(Doc. 91), his motion is actually a Motion for Judgment on the Pleadings.  *See* Fed.

R. Civ. P. 12(c) & 12(h)(2)(B).  The court will treat it as such.  Plaintiff has not yet

responded to Price's motion.  However, because the Motions of the Juvenile Court,

Barnhart, and Price raise the same or similar issues as the other Motions to Dismiss,

this order also disposes of their motions.

The court has studied the Complaint (Doc. 1) and carefully considered all

filings of record and the applicable law.  For the reasons that follow, the court finds

---

[1]  Although Plaintiff initially filed her responses as "motions" in opposition to the various Motions To Dismiss, the court construed them as "responses."  (*See* Order, Doc. 92).

[2]  The clerk entered a default against the Talladega County Juvenile Court on July 16, 2012.  The Juvenile Court moved to set aside the entry of default on August 15, 2012 (Doc. 99), and this court granted that motion on August 24, 2012 (Doc. 112.)

that certain of Plaintiff's claims are due to be dismissed for lack of jurisdiction and for failure to state a cognizable cause of action.  Additionally, as to any claims not so due to be dismissed, the Motions To Dismiss are due to be granted in part to the extent that they seek a more definite statement as to any remaining claims. Accordingly, Plaintiff will be required to replead her Complaint, consistent with the instructions set out below.

## I.      BACKGROUND

On March 22, 2012, Plaintiff Latasha Scales ("Ms. Scales" or "Plaintiff") filed a General Complaint Form for *Pro Se* Litigants (Doc. 1) (the "Complaint") against the Talladega County Department of Human Resources ("Talladega County DHR" or the "DHR"), the Talladega County Juvenile Court, the Talladega County District Attorney's Office, the City of Talladega, and Citizens Baptist Medical Center.  In addition, she sued the following individual defendants: Andy Carden, John Elston, Tony Hamlin, Jeanne Rasco, Shelly Barnhardt, Dale Price, George Sims, Jacob Argo, Steven D. Giddens, Christina Kilgore, John McCoy, and Morris Shaw.[3]   Most, but not all, of the Defendants have been properly served and have entered an appearance in the lawsuit to date.[4]  As is their right under the Federal Rules of Civil Procedure,

---

[3]  Ms. Scales also named as defendants "Fictitious parties A, B, C, D, E, F & G."

[4]  Because the court has no record that service of process was effected on three of the individual Defendants (Elston, Sims, and Shaw), and the 120-day deadline for service of process

*see* Fed. R. Civ. P. 12(b), those Defendants who have appeared have filed motions to dismiss asserting various defenses that are proper for the court to consider at this early juncture, including subject matter jurisdiction and statute of limitations defenses.

To assess the matters raised in the Motions To Dismiss,[5] the court must first reach a general understanding of Ms. Scales's Complaint, based on the facts presented therein, and then parse out her claims against each Defendant.

### A.     Factual Allegations[6]

Factually, the gravamen of the Complaint appears to center upon Ms. Scales's loss of custody over her children through various state court proceedings.  The Complaint identifies two daughters, ages 5 and 10.  (Doc. 1 at 4).  Ms. Scales alleges that her children were removed from their schools[7] by Defendant John McCoy on or about March 24, 2008, and taken to the Talladega County District Attorney's Office. (*Id.*)  There, the ten-year-old daughter was questioned by Defendants Steven D.

---

has expired, *see* Fed. R. Civ. P. 20(m), the court will separately issue a show cause order why those Defendants should not be dismissed from the case.

[5]  Because the Defendants raise overlapping defenses, the court finds that the most expeditious approach in this case is to evaluate the issues together; thus, the court will address the Motions To Dismiss collectively in this opinion, rather than individually in separate opinions.

[6]  At the Motion to Dismiss stage, Ms. Scales's factual allegations are taken as true.

[7]  The Complaint indicates that at least one of the children was removed pursuant to a subpoena.  (*See* Doc. 1 at 4).

Giddens, his assistant Jacob Argo, and Christine Kilgore, and ultimately put on the witness stand "to testify against [Ms. Scales]'s husband, in an assault trial that did not involve that child." (*Id.*)  The Complaint alleges that both children were allowed to leave with their parents when the trial concluded that day.

Ms. Scales also alleges that, on the same day as her husband's trial, she was "picked-up, at work, by a Talladega County Sheriff's Deputy and taken to the Talladega County District Attorney's Office, where [she] was hauled-off into a backroom and guarded by Sheriff's Deputies, and per the order of Giddens, was not allowed to leave the room." (*Id.*)  Ms. Scales was "ordered to remain in the building and not to remain in the courtroom," after the presiding state court judge (who is not a defendant to this lawsuit) informed her that she would not give testimony as a witness in the trial.[8]

Ms. Scales's husband apparently was convicted of the charges addressed at the trial.  (*See id.*) ("On, or about, March 25, 2008, after plaintiff's husband's conviction . . . .").  On the day following the trial, Ms. Scales alleges that the Talladega County DHR, acting through fictitious parties A through G, "surrounded and banged on the

---

[8]  Confusingly, Ms. Scales references in this portion of the facts that she was "advised" by Giddens "that [she] had no right to an attorney, at a Grand Jury Session, on, or about, October 2, 2007." (Doc. 1 at 4).  The court is unclear as to whether Ms. Scales is referencing a conversation with Giddens in 2007 or on March 24, 2008, which is the context for the rest of the paragraph. Upon repleader, Ms. Scales should clarify these facts.

backdoor, windows, and exterior walls" of her home, advising Ms. Scales "that they were there to take [her] children, if [she] did not sign a document that they had." (*Id.* at 4-5.)   The document is alleged to be a HIPAA agreement, pursuant to which Defendants "Argo and Kilgore, under the supervision of Giddens, obtained and produced [Ms. Scales]'s medical record and info at the trial of [her] husband, and more so, to remove [her] children from [her] home." (*Id.* at 5.)

Ms. Scales further alleges that on March 26, 2008, Defendant George Sims, a "now 'retired' judge" in Talladega County, "signed a Pick-Up Order, directing [Ms. Scales]'s children to be removed from [her] custody." (*Id.*) Defendant John Elston, who is otherwise unidentified, is alleged to have "signed a petition stating that he feared [Ms. Scales] would retaliate against the testifying child." (*Id.*)  Ms. Scales alleges that Defendant McCoy followed her in her car, along with other police cruisers, and escorted her to her mother-in-law's apartment, where McCoy (pursuant to the "Pick-Up Order") took custody of the children.  (*Id.*)

On March 27, 2008, Ms. Scales alleges that she appeared at a hearing before Judge Sims, who gave Talladega County DHR temporary custody of her children, despite the fact that the children's grandmother (Ms. Scales's mother) was present and "pleading for the placement of the children with herself." (*Id.*)

Ms. Scales also describes a hearing in the Talladega County Juvenile Court on

or about April 14, 2008, which addressed the placement of her children.  Ms. Scales alleges that she and her husband retained Defendant Morris Shaw (an attorney) to represent them; that the court appointed a guardian ad litem; and that Defendant Jeanne Rasco represented the Talladega County DHR.  At that hearing, Ms. Scales alleges that "Rasco entered and/or produced [her] medical information and/or records to the Court, without consent to obtain or possess such records." (*Id.*)  Ms. Scales further alleges that her counsel, Shaw, "did not question the authority of the possession of [Ms. Scales]'s medical records/info, nor did Shaw question the jurisdiction of the court, or lack of establishing it for the record." (*Id.*)  Moreover, Ms. Scales alleges that Shaw "dropped the ball" on a motion to withdraw.  (*Id.*)

Ms. Scales alleges that her children are "currently in the custody of [Talladega County DHR]" and that she has "attended numerous ISP meetings and Court hearings which included defendant, Tony Hamlin, as counsel for [the DHR] and defendant Shelly Barnhardt as guardian ad litem." (*Id.*)  She also states that the DHR has "initiated a proceeding seeking to terminate [her] parental rights," and that the now-presiding state court judge has "appointed defendant Dale Price to represent [Ms. Scales] on the parental rights issue." (*Id.* at 5-6.)

As to Defendant Citizens Baptist Medical Center, Ms. Scales alleges that it "allowed [her] medical records to be acquired without [her] permission" on or about

March 24, 2008. (*Id.* at 6.)

The Complaint further identifies Defendant Andy Carden as the case worker assigned to Ms. Scales's children.  (*Id.*)  Ms. Scales asserts that Carden has filed "many false reports" and has made "misrepresent[ations] to the court" concerning Ms. Scales's visitation with her children, among other things.  (*Id.*)

Ms. Scales alleges that the Defendants, acting together, have conspired "to violate [her] Constitutional Right and the failure to prevent such violation, inter alia." (*Id.*)  More specifically, she contends that Defendants McCoy, Giddens, Argo, and Kilgore "conspired to violate [Ms. Scales]'s right to family integrity, right to due process, equal protection of the laws, and unreasonable seizures, by drafting and presenting a fraudulent document, in attempts to have another person, principal Clark, commit an illegal act, of holding a minor obligated to adhere to a subpoena."  (*Id.*) She also alleges that Giddens, Argo, and Kilgore "had the opportunity to prevent the situation, but failed to . . . correct the illegal actions of McCoy . . . that placed [her] child on the stand as a state's witness."  (*Id.*)

Ms. Scales then alleges that the Talladega County DHR conspired (with fictitious parties A through G) to violate her Fourteenth Amendment rights, as these parties "were obviously [acting] at the direction[] of defendants Giddens, Argo, and/or Kilgore, [be]cause it was those defendants that acquired [Ms. Scales]'s

medical records and removed [her] children from school, both, without the consent of [Ms. Scales]." (*Id.*)

Defendants Carden, Elston, Hamlin, Rasco, Argo, Giddens, Kilgore, Sims, McCoy, Citizens Baptist Medical Center, Barnhardt, Shaw, and fictitious parties A through G, are alleged to have conspired to have Ms. Scales's children removed from her custody "in an attempt to use such children as ransom, to obtain [Ms. Scales]'s signature on a HIP[AA] agreement form." (*Id.* at 6-7.)

Defendants Hamlin, Rasco, Barnhardt, and Shaw are alleged to be practicing attorneys who have made no "attempt to diffuse the 'kidnapping' and 'ransom attempt'" of Ms. Scales's children. (*Id.* at 7.) Ms. Scales alleges that these attorneys were aware of the Fourteenth Amendment violations being committed against her and "could/should have contacted the Federal Bureau of Investigation, but did not." (*Id.*)

Finally, Ms. Scales contends that Defendant Sims, formerly a district judge for Talladega County, signed the order authorizing the removal of her children, and that he, like the attorneys, did "nothing to diffuse" what he knew to be violations of Ms. Scales's Fourteenth Amendment rights. (*Id.*) Ms. Scales further alleges that Sims's inactivity "clearly demonstrates his willingness, and intention, to participate in the conspiracy." (*Id.*)

B.    **Claims Asserted**

9

Ms. Scales raises certain claims that appear to arise under federal law and other claims that presumably fall under state law.  All claims are asserted generally without stating which claims are brought against which Defendants or which (specific) facts support each claim.  The seemingly federal claims include Claims I, VII, and VIII.  Claim I is for "civil rights violations," including:

A.    Right to maintain family integrity
B.    Right to equal protection of the laws
C.    Right to due process
D.    Right to privacy
E.    Right to feel safe and secure in home
F.    Right to access of Courts

Though she does not specify, the court presumes that Plaintiff intended her civil rights violations claims to arise under the U.S. Constitution.[9]  Claim VII is for "Act of Congress Violation (HIPPA),"[10] without citation to a specific statute or other legal authority.  Claim VIII alleges "conspiracy" under 42 U.S.C. §§ 1983, 1985, and 1986.

Claims II through VI and Claim IX appear to raise claims under state law.  (*See* Doc. 1, Compl. at Claim II ("conversion"); Claim III ("fraud"); Claim IV

---

[9]  If Ms. Scales intended claims under anything other than the U.S. Constitution, she should so specify when repleading her Complaint.  She should also specify any statutory provision pursuant to which she seeks a remedy for violation of her constitutional rights, as applicable. *See, e.g.*, 42 U.S.C. §§ 1983, 1985, and 1986.

[10]  Presumably, Plaintiff's references in her Complaint to "HIPPA" are intended to refer to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), which protects the privacy of individually identifiable health information. The court attributes any references to "HIPPA" in the Complaint to a typographical error intending to refer to the HIPAA.

("oppression"); Claim V ("misrepresentation"); Claim VI ("negligence"); Claim IX

("malice")).

In her prayer for relief, Plaintiff seeks the following:

A.    Plaintiff would like for all[] the defendants to be held accountable
      for their actions, both, civilly and criminally.
B.    Plaintiff would like to have her children returned to her custody.
C.    Plaintiff demands judgment against the Defendants, jointly and
      severally, for punitive, special, and/or compensatory damages in
      the amount of fort[y]-million dollars ($40,000,000.00) plus
      interest, cost[s], and attorney fees; if any, of this matter.

(*Id.*)  Plaintiff also noted at the end of her Complaint: "Plaintiff makes known her

seriousness of the damages sought, and relates the sought amount to ten-million

dollars per year, as to[] her being robbed of being a part of the very children she bard

[sic] and to have to witness their below average upbringing." (*Id.*)

## II.    LEGAL STANDARDS

### A.    Motion To Dismiss Generally

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint.  *See* Fed.

R. Civ. P. 12(b)(6).  The Federal Rules of Civil Procedure require only that the

complaint provide "'a short and plain statement of the claim' that will give the

defendant fair notice of what the plaintiff's claim is and the grounds upon which it

rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 545 (2007); *see also* Fed. R. Civ. P. 8(a).

While a plaintiff must provide the grounds of her entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 545 (quoting *Conley*, 355 U.S. at 47). However, at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine <u>whether they plausibly give rise to an entitlement to relief</u>." *Id.* (emphasis added). The court therefore "accept[s] as true the facts set forth in the complaint and draw[s] all reasonable inferences in the plaintiff's favor." *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid.*" *Iqbal*, 129 S. Ct. at 1950-51.

12

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Thus, "[a] district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth --- legal conclusions must be supported by factual allegations. The district court should assume, on a case-by-case basis, that well pleaded factual allegations are true, and then determine whether they plausibly give rise to an entitlement to relief." *Randall*, 610 F.3d at 709-10.

**B. The Standard for a Motion for Judgment on the Pleadings**

The standard for a Motion for Judgment on the Pleadings is substantially similar to the standard for a Motion to Dismiss. *See Rochez v. Mittleton*, 839 F.Supp. 1075 (S.D.N.Y. 1993). The court accepts the facts in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *See Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). The Complaint will not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (internal quotations marks and

13

citations omitted).

**C.   *Pro Se* Considerations**

Ms. Scales appears without counsel.  Nevertheless, in her responsive briefing,

she recognizes and sets out the appropriate standards for the court to apply when a

plaintiff appears *pro se*:

> A *pro se* Plaintiff is held to a less stringent standard than those of
> attorneys[.]  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th
> Cir. 1998). However, the court does not serve as *de facto* counsel for a
> *pro se* litigant. *Hall v. Bellman*, 935 F. 2d 1106, 1109 (10th Cir. 1991).
> In addition the court cannot "rewrite an otherwise deficient pleading in
> order to sustain an action." *GJR Investments, Inc. v. County of
> Escambia, F1a.*, 132 F. 3d 1359,1369 (lIth Cir. 1998).  Moreover, this
> Court can only examine the four corners of the complaint. *Rieman v,
> Precisonaire, Inc.*, 902 F. Supp 232, 233 (M.D. Fla. 1995). The Plaintiff
> is required to "specify the acts of each defendant which resulted in the
> alleged constitutional violation." *Hayden v. Coppage*, 533 F. Supp. 2d
> 1186, 1197 (M.D. Ala. 2008).
>
> Ordinarily, a party must be given at least one opportunity to amend
> before dismissal of a complaint. *Bryant v. Dupree*, 252 F.3d 1161, 1163
> (11th Cir. 2001). However, the district court need not allow another
> amendment that would be futile and whereby the Plaintiff has failed to
> correct the deficient complaint originally filed. *Id. See also Ziemba v.
> Casade International, Inc.*, 256 F.3d 1194 (11th Cir. 2001) (if more
> carefully drafted complaint could not state claim, then dismissal with
> prejudice is proper). Additionally, a court should not hesitate to dismiss
> a complaint when the Plaintiffs allegation fails as a matter of law.
> *Phelps v. Kapnolas*, 308 F.3d 180, 187 (2nd Cir. 2002).

(Doc. 47 at 3).  The court's analysis of the Complaint and of the Motions To Dismiss

proceeds in recognition of these principles.

14

III.    ANALYSIS

A.    Subject Matter Jurisdiction

Initially, the court must address the issue of whether it has subject matter jurisdiction.  Federal Rule of Civil Procedure 12(h)(3) states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Pursuant to Rule 12(h)(3), the court may act *sua sponte* (on its own motion) to address the issue of subject matter jurisdiction at any time.  *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)[11] (stating that "there is no doubt that the District Court could dismiss the plaintiff's action *sua sponte* for failure of federal jurisdiction pursuant to [Rule] 12(h)(3)").  Indeed, "it is incumbent upon [a] federal court[] . . . to constantly examine the basis of jurisdiction, doing so on [its] own motion if necessary."  *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981) (citing Rule 12(h)(3); *see also Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908) ("[I]t is the duty of this court to see to it that the jurisdiction of the circuit court, which is defined and limited by statute, is not exceeded.  This duty we have frequently performed of our own motion.").

Defendants assert the court lacks subject matter jurisdiction over some of Ms.

---

[11]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Scales's claims due to: (1) the Rooker-Feldman abstention doctrine, and (2) Eleventh Amendment Immunity. The court therefore addresses these issues first.

### 1. *Rooker-Feldman* Abstention

Under the *Rooker-Feldman* abstention doctrine, a federal court does not have the power to review the final judgment of a state court. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (describing *Rooker-Feldman* as doctrine prohibiting "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commence and inviting district court review and rejection of those judgments"); *Biddulph v. Mortham*, 89 F.3d 1491, 1495 n.1 (11th Cir. 1996) ("The existence of this state court ruling calls our subject matter jurisdiction into question under the *Rooker-Feldman* abstention doctrine."). The *Rooker-Feldman* abstention doctrine also extends to claims that are "inextricably intertwined" with state court proceedings. *Powell v. Powell*, 80 F.3d 464, 466 ("The doctrine applies not only to claims actually raised in the state court, but also to claims that were not raised in the state court but are 'inextricably intertwined' with the state court's judgment.") (11th Cir. 1996) (quoting *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983)).

Ms. Scales's prayer for relief necessarily asks this court to revisit or overturn the state court's determination concerning custody of her children, as she asks this

court "to have her children returned to her custody." (Doc. 1 at 12). Ms. Scales also

appears to seek monetary relief relating to the loss of custody of her children (*see id.*),

which is "inextricably intertwined" with her state court custody proceedings. The

court finds that such claims are barred by the *Rooker-Feldman* abstention doctrine.

Accordingly, the Motions To Dismiss are due to be **GRANTED** on jurisdictional

grounds to the extent that they seek dismissal of Ms. Scales's claims to regain custody

of her children (and claims for monetary damages related to the loss of custody over

her children), and all claims asserted by Ms. Scales relating to the custody of her

children (and claims for monetary damages related to the loss of custody over her

children) are due to be **DISMISSED WITHOUT PREJUDICE** for lack of subject

matter jurisdiction.[12]

### 2.     Eleventh Amendment Immunity

The Eleventh Amendment prohibits federal courts from hearing claims brought

by individuals against unconsenting States. *See Pennhurst State Sch. & Hosp. v.*

*Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 908 (1984). Such suits are barred

regardless of the relief sought. *See id.* ("[A] suit against state officials that is in fact

a suit against a State is barred regardless of whether it seeks damages or injunctive

---

[12] Dismissals for lack of subject matter jurisdiction must be without prejudice. *See, e.g.*, *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

relief.") (citation omitted).  Similarly, suits against a state agency are absolutely barred by the Eleventh Amendment.  *See Alabama v. Pugh*, 438 U.S. 781, 781, 98 S. Ct. 3057, 3057 (1978).  And, because suits against state officials or agents in their official capacity are actually suits against a State*, see Pennhurst State Sch. & Hosp.*, 465 U.S. at 101, 104 S. Ct. 908; *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105 (1985), such suits are absolutely barred by the Eleventh Amendment when they seek money damages, *see Pennhurst State Sch. & Hosp.*, 465 U.S. at 103, 104 S. Ct. 909.  However, the Eleventh Amendment does not insulate state officials acting in their official capacities from suit for prospective injunctive relief to remedy violations of federal constitutional law.  *See Edelman v. Jordan*, 415 U.S. 651, 664–71, 94 S. Ct. 1347, 1356–60 (1974); *Scheuer v. Rhodes*, 416 U.S. 232, 237–38, 94 S. Ct. 1683, 1687–88 (1974).

Here, Ms. Scales has sued the Talladega County District Attorney's Office, the Talladega County DHR, and the Talladega County Juvenile Court.  The Complaint alleges that these entities are state agencies. (Doc. 1 at 2.)  The State of Alabama has not consented to suit in federal court for any of Ms. Scales's claims.  *See Tinney v. Shores*, 77 F.3d 378, 383 (11th Cir. 1996).  And, the Talladega County District Attorney's Office, the Talladega County DHR, and the Talladega County Juvenile Court have all timely raised the Eleventh Amendment jurisdictional bar in their

Motions to Dismiss.  (Doc. 20 at 5; Doc. 23 at 8; Doc. 101 at 2.)  Therefore, all claims against these state agency defendants are due to be dismissed as barred by the Eleventh Amendment.

Additionally, Ms. Scales has sued several individual persons (Defendants Giddens, Kilgore, Argo, Carden, Hamlin, Rasco, Elston, Sims, Barnhart, and Price). The Complaint alleges that all these individuals are employees of the District Attorney's Office, the DHR, or the Juvenile Court.[13]  (*See* Doc. 1 at 2–3.)  Thus, to the extent Ms. Scales has sued these persons in their official capacity, her claims are against the State of Alabama.  *See, e.g.*, *Hooks v. Hill*, 539 So. 2d 157, 159 (Ala. 1988); Ala. Code § 38-2-1 (1975).  And, to the extent Ms. Scales's official capacity claims against these individuals seek money damages, her claims are also barred by the Eleventh Amendment.[14]

Accordingly, the Motion to Dismiss filed by the Talladega County District Attorney's Office, the Motion to Dismiss filed by the Talladega County DHR, and the

---

[13] Specifically, the Complaint alleges that Giddens is the Talladega County District Attorney and that Kilgore and Argo are assistant district attorneys.  Carden, Elston, Hamlin, and Rasco are employees of the Talladega County DHR.  Sims, Barnhart, and Price are employees of the Talladega County Juvenile Court.

[14] Ms. Scales has not yet served Defendants John Elston and George Sims.  Therefore, this opinion does not dispose of Ms. Scales's claims against them.  However, assuming Ms. Scales is able to properly serve Elston and Sims, her official capacity claims against them for money damages would fail.  For that reason, if Ms. Scales decides to replead her complaint, she should not assert official capacity claims for money damages against Elston or Sims.

Motion to Dismiss filed by the Talladega County Juvenile Court are due to be **GRANTED** because the Eleventh Amendment deprives the court of subject matter jurisdiction over Ms. Scales's claims against these Defendants.  Further, Ms. Scales's claims for money damages against District Attorney Giddens in his official capacity are due to be dismissed because they are also barred by the Eleventh Amendment.  Finally, although Ms. Scales's claims for injunctive relief against District Attorney Giddens in his official capacity are <u>not</u> barred by the Eleventh Amendment, they <u>are</u> barred by *Rooker-Feldman* abstention, as explained in the preceding section of this opinion.

All claims asserted by Ms. Scales against the Talladega County District Attorney's Office, the Talladega County Juvenile Court, and the Talladega County Department of Human Resources are due to be **DISMISSED WITHOUT PREJUDICE** as barred by the Eleventh Amendment.  All claims against Defendants Kilgore, Argo, Rasco, Carden, Hamlin, Barnhart, and Price in their official capacity are due to be **DISMISSED WITHOUT PREJUDICE** as barred by the Eleventh Amendment.[15]  All claims for money damages against Defendant Giddens in his

---

[15] Defendants Giddens, Kilgore, Argo, and Rasco in their individual capacities also raised prosecutorial immunity as a defense.  Because Ms. Scales's Complaint is a shotgun pleading, the court cannot determine at this time whether these Defendants are entitled to prosecutorial immunity.  And, because the court is requiring Ms. Scales to replead her Complaint, the court will not address this defense until Ms. Scales submits an Amended Complaint.

official capacity are due to be **DISMISSED WITHOUT PREJUDICE** as barred by

the Eleventh Amendment, and all claims for injunctive relief against Defendant

Giddens in his official capacity are barred by *Rooker-Feldman* abstention.

### B.    Non-Cognizable HIPAA Claim

Third, the court finds that Ms. Scales cannot state a cognizable claim for

HIPAA violations, as she seeks to do under Claim VII, because—as noted in the

Motions To Dismiss—the HIPAA statute does not confer a private cause of action.

> HIPAA generally provides for confidentiality of medical records and
> governs the use and disclosure of protected health information by
> covered entities that have access to that information and that conduct
> certain electronic health care transactions. *See* 45 C.F.R. § 164.502. It
> provides both civil and criminal penalties for improper disclosures of
> medical information and limits enforcement of the statute to the
> Secretary of Health and Human Services. 42 U.S.C. §§ 1320d5(a)(1),
> 1320d–6. "[P]rivate rights of action to enforce federal law must be
> created by Congress." *Alexander v. Sandoval,* 532 U.S. 275, 286, 121
> S.Ct. 1511, 1519, 149 L.Ed.2d 517 (2001). HIPAA contains no express
> provision creating a private cause of action.
>
> We decline to hold that HIPAA creates a private cause of action, *see*
> *Acara v. Banks*, 470 F.3d 569, 571-72 (5th Cir. 2006), or rights that are
> enforceable through [42 U.S.C.] § 1983.

*Sneed v. Pan Am. Hosp.,* 370 Fed. App'x 47, 50 (11th Cir. 2010) (emphasis added);

*see also Franklin v. Healthcare Auth. for Baptist Health*, 2:09-CV-1075-MEF, 2010

WL 3199641, at *6 (M.D. Ala. Apr. 15, 2010) ("Thus, HIPAA creates no private

cause of action or any rights that are enforceable through 42 U.S.C. § 1983. . . .

Consequently, the defendants' motion to dismiss the plaintiff's HIPAA claim pursuant to Fed. R. Civ. P. 12(b)(6) should be granted." (citing *Sneed*, 370 Fed. App'x at 50)).

Therefore, as to Ms. Scales's purported HIPAA claim in Claim VII, a more carefully drafted complaint could not state a claim because such a claim is not cognizable under the law. Accordingly, the Motions To Dismiss are due to be **GRANTED** to the extent that they seek dismissal of Claim VII. Accordingly, Claim VII is due to be **DISMISSED WITH PREJUDICE** as non-cognizable.

## C.    Pleading Deficiencies

Finally, the court addresses the concerns collectively raised in the Motions To Dismiss concerning pleading deficiencies under the plausibility standard of Rule 8. *See Twombly*, 550 U.S. at 545; *Iqbal*, 129 S. Ct. at 1949. The court has carefully reviewed the Complaint and agrees that, as drafted, Ms. Scales has failed to state a plausible claim against any of the Defendants because of the shotgun format of her Complaint. (*See, e.g.*, Doc. 17 at 5 ("It is impossible from reading the complaint to discern towards which specific defendants the various causes of action are directed."); Doc. 20 at 8-9 ("The Defendants move the court to dismiss Plaintiff's Complaint because it fails to state with specificity what actions of Defendants Giddens, Kilgore, and Argo are the basis of their claims."); Doc. 23 at 5 ("[Plaintiff]'s

Complaint fails to meet the minimum pleading requirements under the Federal Rules of Civil Procedure because each Count contains multiple claims against multiple Defendants without specifying claims made against each Defendant separately to separate counts to allow Defendants to respond."); Doc. 61 at 6 (". . . Plaintiff has simply combined all the Defendants together without delineated claims that go beyond conclusions to sufficiently [put] each Defendant on notice as to the claims against them."); and Doc. 74 at 10 ("Therefore, in order for the court to properly 'strip the case down and identify each claim and defense,' the complaint must be amended to state each cause of action in a separate count." (citation omitted)).)

However, in light of Ms. Scales's pro se status, the court will not dismiss Ms. Scales's Complaint without first affording her an opportunity to amend. *See Jemison v. Mitchell*, 380 Fed. App'x 904, 907 (11th Cir. 2010) ("When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it with prejudice."); *Langlois v. Traveler's Ins. Co.*, 401 Fed. App'x 425, 426 (11th Cir. 2010) ("[W]e conclude that the district court abused its discretion by dismissing [a *pro se* plaintiff's] complaint with prejudice before providing her with an opportunity to amend her complaint.").  Therefore, the court finds that all the Motions To Dismiss are due to be **GRANTED** to the extent that they request a more

23

definite statement, and in all other respects, they will be **DENIED WITHOUT PREJUDICE** to renew (as necessary) upon Plaintiff's filing of her amended complaint.[16]  Accordingly, Ms. Scales is required to replead her Complaint consistent with the following instructions.

### 1.    Repleader of Facts and Claims

As indicated above, Ms. Scales's Complaint is presently drafted in classic "shotgun" format, meaning that it is of the type that has been repeatedly "condemned" by the Eleventh Circuit Court of Appeals for its failure to comply with the pleading requirements of the Federal Rules of Civil Procedure.  *See, e.g.*, *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008) ("The complaint is a model 'shotgun' pleading of the sort this court has been roundly, repeatedly, and consistently condemning for years, long before this lawsuit was filed.").

The typical shotgun pleading is one that "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (*i.e.*, all but the first) contain irrelevant factual allegations and legal conclusions."  *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002).  The term also refers to pleadings that

---

[16]  In light of the court's order requiring repleader, the court does not reach at this time the other grounds for dismissal presented in the Motions To Dismiss.

are "replete with factual allegations and rambling legal conclusions." *Osahar v. U.S. Postal Serv.*, 297 Fed. App'x 863, 864 (11th Cir. 2008).  The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010).  Indeed, shotgun pleadings require the court to sift through rambling and often incomprehensible allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* (citation omitted).  The Eleventh Circuit thus has established that shotgun pleading is an unacceptable form of establishing a claim for relief.  *Strategic Income Fund*, 305 F.3d at 1296.  "Shotgun pleadings make it 'virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Popham v. Cobb Cnty., Ga. Gov't*, 392 Fed. App'x 677, 680 (11th Cir. 2010) (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)).

Generally, the appropriate response to a shotgun complaint is to dismiss it and allow the plaintiff an opportunity to amend to provide greater specificity.  *Anderson*, 77 F.3d at 366.  Because Plaintiff is proceeding *pro se*, however, the court **DIRECTS** Plaintiff to file an Amended Complaint **on or before September 14, 2012.**  The

Amended Complaint **MUST** comply with Federal Rules of Civil Procedure 8(a),[17]

8(d)(1),[18] 10(b),[19] and 11(b).[20]

Specifically, Plaintiff is instructed to comply with the following requirements.

**Each count** in the Amended Complaint **SHALL** contain no more than one discrete

claim for relief.  **Each count** in the Amended Complaint **SHALL** specifically state

the constitutional and/or statutory provision pursuant to which that claim is brought,

---

[17] Rule 8(a) **Claims for Relief**.  A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

[18] Rule 8(d) **Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.**  (1) In General. Each allegation must be simple, concise, and direct. No technical form is required.

[19] Rule 10 **Form of Pleadings.**  (b) Paragraphs; Separate Statements.  A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence — and each defense other than a denial — must be stated in a separate count or defense.

[20] Rule 11 **Signing Pleadings, Motions, and Other Papers; Representations to the Court; Sanctions.**  (b) Representations to the Court.  By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

**AND SHALL** indicate whether such claim is brought pursuant to federal or state law. **Each count** in the Amended Complaint **SHALL** specifically identify which Defendant(s) are subject to that count, and **SHALL** set out the specific facts relied upon to support that count, **separately as to each Defendant so identified**. To meet the minimum pleading requirements, the Amended Complaint must also contain allegations of fact which plausibly support **each** discrete claim as to **each** Defendant identified under that claim. Further, Ms. Scales **SHALL NOT** include any fictitious-party defendants in her Amended Complaint. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).

### 2.    Instructions Concerning Specific Claims

Regarding any claims over which the court lacks subject matter jurisdiction as determined in this order, Ms. Scales **SHALL NOT** replead these claims. Specifically, Ms. Scales shall not plead any claims seeking money damages allegedly flowing from, or an injunction contrary to, a state court judgment, as such claims are barred by the *Rooker-Feldman* abstention doctrine. Similarly, Ms. Scales shall not plead any claims for money damages against the State of Alabama, its departments or agencies, as such claims are barred by the Eleventh Amendment. Nor shall Ms. Scales plead any claims seeking money damages against any officials or agents of the State of Alabama in their official capacities. If Ms. Scales violates the holdings of

this opinion as summarized in this paragraph, the court will strike such claims, *sua sponte*.

Additionally, several of Ms. Scales's claims require more specificity in order to state a claim.  As to the conversion claim in Count II, the Complaint does not identify what property was converted or towards which party this cause of action is directed.  Ms. Scales merely alleges that "[a]s a direct and proximate consequences [sic] of the above described conversion, the plaintiff was damaged as described herein and above."    (Doc. 1 at 8).  To prove conversion, a plaintiff must establish "a wrongful taking or a wrongful detention or interference, or an illegal assumption of ownership, or an illegal use or misuse." *Ex parte Anderson*, 867 So. 2d 1125, 1129 (Ala. 2003).  Further, "[a] plaintiff must establish that the defendant converted **specific personal property** to his own use and beneficial enjoyment or that the defendant destroyed or exercised dominion over property to which, at the time of the conversion, the plaintiff had a general or specific title and of which the plaintiff was in actual possession or to which he was entitled to immediate possession."  *Rice v. Birmingham Coal & Coke Co., Inc.*, 608 So. 2d 713, 714 (Ala. 1992) (emphasis added).  Accordingly, in repleading her conversion claim, Ms. Scales **MUST** specify which Defendant(s) allegedly wrongfully took her property, **and** specifically identify the personal property taken.

Likewise, Ms. Scales's claims for fraud (Claim III) and misrepresentation (Claim V), as drafted, do not contain sufficient facts to state a claim. Rule 9(b) of the Federal Rules of Civil Procedure specifically requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake **shall be stated with particularity**." Fed. R. Civ. P. 9(b) (emphasis added). "This Rule 'serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior.'" *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1370-71 (11th Cir. 1997) (*quoting Durham v. Bus. Mgmt. Ass.*, 847 F.2d 1505, 1511 (11th Cir. 1988)). To satisfy the heightened pleading standard for fraud claims, a plaintiff "**must allege**: (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements mislead the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1380-81 (11th Cir. 1997) (emphasis added). In repleading her fraud and misrepresentation claims, therefore, Ms. Scales **SHALL** specifically state the person(s) or Defendant(s) responsible for the allegedly fraudulent statements; the content and manner in which the statements misled her; and what Defendant(s) gained by the alleged fraud.

Additionally, Ms. Scales states several claims for conspiracy. Because a conspiracy claim requires proof that the defendants "reached an understanding" to harm the plaintiff, *see Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1260 (11th Cir. 2010), Ms. Scales **SHALL** allege sufficient facts to show an agreement between the Defendants in each conspiracy to harm her in a particular way. And, Ms. Scales **SHALL** specifically allege which defendants participated in which conspiracy and the specific harm she suffered because of each conspiracy.

The court's instructions to Ms. Scales on repleading her Complaint contain the **minimum** pleading requirements under the Federal Rules of Civil Procedure. Accordingly, failure to comply with these repleader requirements may result in dismissal of any noncompliant claims. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute <u>or to comply with these rules or a court order</u>, a defendant may move to dismiss the action or any claim against it.") (emphasis added).

### 3.     Statute of Limitations Concerns

The Motions To Dismiss raise statute of limitations concerns that the court generally finds to be well taken to the extent that they raise questions about the timeliness of Ms. Scales's claims pertaining to events that transpired in 2008. (*See, e.g.*, Doc. 17 at 12 (arguing that Plaintiff's federal claims under §§ 1983, 1985, and

1986 are time-barred under the applicable one- or two-year statute of limitations); *id.*

at 13-15 (arguing that Plaintiff's state law tort claims are barred by the applicable

two-year limitations period)).

Ms. Scales responds by first arguing that the Alabama statutes of limitations

cited by Defendants do not apply because her claims are in federal court. (*E.g.*, Doc.

47 at 6 ("Plaintiff's complaint is not a state action and is not held to the statute of

limitations thereof.")).   However, Ms. Scales's argument presents a fundamental

misunderstanding of the law.  The Alabama statute of limitations squarely applies to

her claims that arise under Alabama law, as well as her federal claims arising under

sections 1983 and 1985.  *See McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008)

("All constitutional claims brought under § 1983 are tort actions, <u>subject to the statute</u>

<u>of limitations governing personal injury in the state where the § 1983 action has been</u>

<u>brought</u>." (emphasis added)); *see also Trawinski v. United Technologies,* 313 F.3d

1295, 1298 (11th Cir. 2002) ("When there is no specifically stated or otherwise

relevant federal statute of limitations for a federal cause of action, the controlling

period would ordinarily be the most appropriate one provided by state law."); *id.*

("Turning to the Trawinskis' § 1985(3) claim, the district court, following precedent,

correctly found that the residual, two-year limitations period for personal injury

actions provided by Ala. Code § 6-2-38(*l*) should apply."); *Jones v. Preuit &*

*Mauldin*, 876 F.2d 1480, 1484 (11th Cir. 1989) ("We look to Alabama law to determine which statute of limitations applies.")*.*  Further, any federal claims Ms. Scales seeks to bring under § 1986 are subject to its one-year statute of limitations. *See* 42 U.S.C. § 1986 (stating "[b]ut no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.").

Second, Ms. Scales contends that her claims are not barred by any potentially applicable statute of limitations because "the acts of the defendant[s] and/or wrongs against plaintiff <u>are a continuing action/wrong</u>."  (*E.g.,* Doc. 47 at 6) (emphasis added).  However, in her Complaint, as currently drafted, the only events attaching to concrete dates are those that transpired in March and April of 2008.  Defendants persuasively argue that claims relating to events that transpired in 2008 would not be timely under any applicable one- or two-year statute of limitations because the Complaint was not filed until March 22, 2012.

Accordingly, in repleading her claims, Ms. Scales is cautioned to carefully consider the statute of limitations that governs each of her claims.  If, as indicated in her responses to the Motions To Dismiss, Ms. Scales can properly allege facts supporting a "continuing action/wrong" by **each** of the Defendants, she should describe the specific facts and events, including the approximate dates that would

demonstrate the timeliness of her claims **separately as to each such Defendant**.

### IV.  CONCLUSION

Consistent with the foregoing analysis, the Motions To Dismiss are collectively **GRANTED IN PART** and **DENIED IN PART** to the following extent:

A.    The Motions To Dismiss are hereby **GRANTED** under the *Rooker-Feldman* abstention doctrine to the extent that they seek dismissal of Ms. Scales's claims to regain custody of her children (and claims for monetary damages related to the loss of custody over her children). Accordingly, all claims asserted by Ms. Scales relating to the custody of her children (and claims for monetary damages related to the loss of custody over her children) are hereby **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

B.    The Motions to Dismiss by the Talladega County District Attorney's Office, the Talladega County DHR, and the Talladega County Juvenile Court are hereby **GRANTED** as the Eleventh Amendment bars Ms. Scales's claims against these Defendants.  Accordingly, all claims by Ms. Scales against the Talladega County District Attorney's Office and the Talladega County DHR, as well as her claims seeking money damages from Defendants Giddens, Kilgore, Argo, Rasco, Carden,

Hamlin, Barnhart and Price in their official capacity, are hereby **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

C.    The Motions To Dismiss are hereby **GRANTED** to the extent that they seek dismissal of Claim VII for purported HIPAA violations. Accordingly, Claim VII of Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE**.[21]

D.    The Motions To Dismiss are hereby **GRANTED** to the extent that they request a more definite statement, and Ms. Scales is **ORDERED** to replead her Complaint **on or before September 14, 2012,** by filing an Amended Complaint consistent with the specific instructions given in this memorandum opinion.

E.    In all other respects, the Motions To Dismiss are hereby **DENIED WITHOUT PREJUDICE** to renew (as necessary) upon Plaintiff's filing of her amended and repleaded complaint.

***Plaintiff is expressly warned that her failure to timely file an amended complaint that complies with the court's instructions will result in this action being***

---

[21]   In light of this holding, Plaintiff should not seek to replead her claims for HIPAA violations in her amended complaint.

34

dismissed __as to all Defendants__ with prejudice pursuant to Rule 41 of the Federal

Rules of Civil Procedure.

Finally, the Clerk of the Court is **DIRECTED** to forward a copy of this

memorandum opinion and order to Plaintiff Latasha Scales, 2140 Howell Cove Road,

Talladega, AL 35160.

**DONE** and **ORDERED** this the 27th day of August, 2012.

**VIRGINIA EMERSON HOPKINS**
United States District Judge